Richardson, J.
delivered the opinion of the Court.
In these cases, the plaintiffs entered up judgments quando bona acciderint upon the verdicts rendered, and for the costs of suit, upon the pleas and issues found for them. It is not questioned, that the plaintiffs had legal right to such judgments. But the administrator moved the Court for leave to enter up judgments, in like manner, for the costs accruing upon the pleas and issues found for him by the verdicts. Can he do so, is the question ?
It may not have been the common practice to enter up such judgments, both for, and against, the plaintiffs in the same suit at law. But where is there any real inconsistency or injustice ? Costs are due to the successful, by the unsuc* cessful litigant. This is the settled law. May not, then, the administrator, (and with even better grace) contend that (seeing he has succeeded in his plea in bar, which discharges him personally from all liability,) he is entitled, in virtue of the principle of costs due the successful, to all the costs of his de-fence? The defendant, surely, might, with at least equal propriety to that of the plaintiff, thus claim his entire costs. According to this view of the defendant’s rights, we find the entire costs so given to him, in the English Courts. In Ragg v. Wells, the defendant, executrix, pleaded non assumpsit, statute of limitations, and plena administravit: and upon ^ VGl'dict f°r the executrix, on the third plea only, the pos-was given to her, and her entire costs; upon the ground, that having verified an absolute bar, she was entitled to her fun costs.
But this, we apprehend, would be going a little beyond the proper construction of our own Acts awarding costs to the successful litigant. Each party would seem to be entitled, by rational induction from the object of the law, to costs restricted to the particular issue wherein he had succeeded, and of course to judgment for costs, so restricted to his actual success, in the pleas and issues of the action.
John. 258. E1v^3end^°’ 6 Com-en, 71, Ford v. Crane,
In New York, Oshehout v. Hardenborg, ad’mr., this distinction of costs is fully recognised.
Lomax, in his treatise on Executors and Administrators, lays down the practice in Virginia, according to the rules of the General Court, to be as follows: “ When the administrator pleads non assumpsit and fully administered, and the first is found for the plaintiff, and the second for 'the ant, the judgment ought to be for the plaintiff, for the debt and costs quando assetes acciderint; and for the defendant, judgment for the separate costs of the second issue.” Such a distinction, attributing to both parties costs, according to the issue respectively found for them, is so conformable to the meaning and justice of allowing costs, that this Court, notwithstanding any different practice heretofore, cannot but adopt it, as the true construction of our own Acts allowing costs.
■ It may be proper to observe, that in the case before the Court, none of the pleas filed and found for the plaintiffs were, judicially speaking, false pleas — that is, pleas of the administrator’s own time and acts, and therefore known to be false— as, for instance, payment by himself, ne unques executor, &c. which, if not verified, would be false pleas in the legal sense.
The motion is therefore dismissed.
O’Neall, J. Evaks, J. Frost, J. and Withers, J. concurred.

Motion refused.